UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS RUCHALSKI,<br><br>                    Plaintiff,<br><br>vs.<br><br>SKYLINE WINDOWS, LLC.<br><br>                    Defendant. | Case No. 21-cv-11004 (LAP)<br><br>**STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND 502(E) CLAWBACK AGREEMENT** |

**WHEREAS**, Thomas Ruchalski ("Plaintiff") and Skyline Windows, LLC ("Defendants") (collectively with Plaintiff, the "Parties; individually, a "Party") have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials.

**WHEREAS**, the Parties have agreed to produce documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein.

**WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Party's discovery request or informal production.

**WHEREAS**, this Order is designed to foreclose any arguments that by making such inadvertent production, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a)     was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS**, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**THEREFORE**, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

**<u>CONFIDENTIALITY</u>**

1. This Stipulated Protective Order (the "Order") will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

2. This Order shall apply to any documents or information that the Parties or a Party provide during discovery in this action (the "Action") and designate as confidential. Documents and information that may be designated as confidential for the purposes of this Action shall include, but are not limited to, the Parties' contracts, business agreements, shareholder agreements, medical documentation, tax returns, financial statements, and any personal or other identifying

data of any individual, and all communications involving any of the foregoing areas ("Confidential Material"). The Parties shall act in good faith in designating documents or information hereunder as Confidential Material. This Order shall also apply to Confidential Material used or revealed during a deposition or in answers to interrogatories. The Parties shall address with the Court at the final pretrial/prehearing conference the use of Confidential Material at a hearing or trial or other proceeding in this Action. It is agreed and understood by the Parties that such documents and/or information may contain highly confidential and/or proprietary information.

3. All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL" on the face of the document.

4. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

5. Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall be used solely for purposes of the Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

(a) Counsel of record for the Parties, and the paralegal, clerical and secretarial staffs employed by such counsel only to the extent necessary to render professional services in this Action;

(b) Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this Action;

(c) The Court and Court personnel, if filed in accordance with paragraph 8 hereof;

  (d) Employees or representatives of Skyline Windows whom Skyline Windows determines have a need to know the materials, or who may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

  (e) Subpoenaed witnesses and witnesses noticed for deposition, so long as Confidential Material is furnished, shown or disclosed in accordance with paragraph 6 hereof; and

  (f) Experts and consultants retained by counsel for the Parties in connection with this Action, who are assisting counsel in the prosecution or defense of this Action, so long as any Confidential Material is furnished, shown or disclosed in accordance with paragraph 6 hereof;

  (g) Any mediator or other third party selected by the Parties or appointed by the Court for settlement purposes, so long as any Confidential Material is furnished, shown or disclosed in accordance with paragraph 6 hereof; and

  (h) The jury at trial.

 6. Prior to the disclosure by the Parties or their attorneys of any Confidential Material to any person referred to in paragraphs 5(f) to 5(h) of this Order, counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as **Exhibit A**.

 7. All records containing Confidential Information provided by a Party or by a third party shall also be covered by this Order and be deemed "CONFIDENTIAL." This Order does not substitute for or limit any obligation imposed on the Parties by HIPAA.

 8. No document or information actually comprising or containing Confidential Material shall be filed on any court docket or in any judicial forum until the Party who designated same as "CONFIDENTIAL" is given sufficient opportunity to file such Confidential Material under seal. No documents or information filed under seal shall be made available to third parties

or the public, except by further order of the Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

9. All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

10. In the event a party challenges another party's Confidential Material designation, counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If a dispute as to a Confidential designation cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court for an order regarding the challenged designation. Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the Party asserting confidentiality.

11. This Order shall not: (a) prejudice in any way the right of a Party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a Party to seek a determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a Party to object to the introduction into evidence

of any documents or information it considers inadmissible; (d) prejudice or prohibit the non-producing party from designating as "Confidential" a document(s) produced by the producing party or (e) prejudice in any way a Party's right to use its own documents or information, which may or may not have been designated by a Party as "CONFIDENTIAL," in any manner without consent of the opposing Party or Court.

12. The Parties and their counsel shall maintain all Confidential Material in a secure manner so as to avoid disclosure of its contents.

13. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "CONFIDENTIAL" designation in connection with any motions or the trial of this Action.

14. Upon final termination of this Action and any appeals, any person in possession of Confidential Materials shall, upon written request, promptly return the Confidential Materials, including all copies and excerpts, to counsel for the Producing Party, or request authorization from counsel for the Producing Party, in writing, to destroy the Confidential Materials in lieu of their return.

15. The inadvertent, unintentional or *in camera* disclosure of Confidential Materials without "CONFIDENTIAL designation shall not be deemed a waiver of any claims of confidentiality or a waiver of the right to subsequently designate Confidential Materials as such.

## **CLAWBACK PROVISION PURSUANT TO FRE 502(d) AND 502(e)**

The Parties hereby **AGREE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

16. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and

the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

17. The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

18. If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    (i)    the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of confirmation from the Producing Party that the Protected Document was inadvertently produced, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise

        used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

    (ii)    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

19.    If, during the course of this litigation, a Party determines it has produced a Protected Document:

    (i)    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced

          by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    (ii)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

20.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

21. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (ii) the disclosure of the Protected Documents was not inadvertent;

    (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

22. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent the Court's Order.

23. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

24. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other

information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

25. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

26. Once executed by all Parties, the Order shall be by treated by the Parties as an Order of the Court until it is formally approved by the Court.

**SO STIPULATED AND AGREED:**

| CONSOLE MATTIACCI LAW, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: */s/ Lane Schiff* <br> Lane Schiff, Esq. <br> 1525 Locust Street, 9th Floor <br> Philadelphia, PA 19102 | By: *Matthew R. Capobianco* <br> Matthew R. Capobianco <br> 290 Broadhollow Road, Suite 305 <br> Melville, NY 11747 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: __October 19__, 2022 | Dated: __October 19__, 2022 |

**SO ORDERED:**

_____
Honorable Loretta A. Preska
Dated: October 20, 2022

11

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS RUCHALSKI,

              Plaintiff,

vs.

SKYLINE WINDOWS, LLC.

              Defendant.

Case No. 21-cv-11004 (LAP)

### SUBSCRIPTION AND ADHERENCE TO
### THE STIPULATED PROTECTIVE ORDER

The undersigned hereby declares that (he)(she) has read and understands the Stipulated Protective Order (the "Order") entered in the above captioned proceedings and that (he)(she) will adhere to and abide by all of the provisions of said Order with respect to all confidential information (he)(she) receives thereunder.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME AND TITLE

4869-1985-4132.1 / 102342-1007